JUDGMENT
JOAN GREENDEER-LEE, Associate Judge.
INTRODUCTION
The Ho-Chunk Nation [hereinafter HCN] Trial Court received plaintiffs Complaint on May 6, 1998. The plaintiff also filed copies of a letter dated August 14, 1997 notifying defendant of the agreed payment requirements and the amount due (Exhibit A), and a second letter dated December 15, 1997 articulating the amount due and a Notice of Right to Cure Default in the sum of $555.24 dated December 15, 1997, with a copied green card showing the defendant’s signature (Exhibits B & C) and the Consumer Note dated March 13, 1997 (Exhibit D). Pursuant to HCN R.CIV.P. 5(F) and (G), Sendee by Publication occurred on May 29, 1998 and June 17, 1998. This action was brought under various provisions of WISCONSIN STATUTES, CONSUMER CREDIT TRANSACTIONS § 425 which defines when default occurs and how a creditor may pursue individuals who have beeome default. This Court having considered WISCONSIN STATUTES, CONSUMER CREDIT TRANSACTIONS § 425 as persuasive authority finds in favor of plaintiff, Hocak Federal Credit Union.
APPLICABLE LAW
HCN NATION CONSTITUTION, ART.I
§ 1. Territory. The territory of the Ho-Chunk Nation shall include all lands held by the Nation or the People, or by the United States for the benefit of the Nation or the People, and any additional lands acquired by the Nation or by the United States for the benefit of the Nation or the People, including but not limited to air, water, surface, subsurface, natural resources and any interest therein, notwithstanding the issuance of any patent or right-of-way in fee or otherwise, by the governments of the United States or the Ho-Chunk Nation, existing or in the future.
§ 2. Jurisdiction. The jurisdiction of the Ho-Chunk Nation shall extend to all territory set forth in Section 1 of this Article and to any and all persons or activities therein, based upon the inherent sovereign authority of the Nation and the People or upon Federal law.
HCN CONSTITUTION, ART. VII
§ 5. Jurisdiction of the Judiciary, (a) The Trial Court shall have original jurisdiction over all cases and controversies, both criminal and civil, in law or in equity, *242 arising under the Constitution, laws, customs, and traditions of the Ho-Chunk Nation, including cases in which the Ho-Chunk Nation, or its officials and employees, shall be a party. Any such case or controversy arising within the jurisdiction of the Ho-Chunk Nation shall be filed in the Trial Court before it is filed in any other court. This grant of jurisdiction by the General Council shall not be construed to be a waiver of the Nation’s sovereign immunity.
§ 6. Powers of the Trial Court, (a) The Trial Court shall have the power to make findings of fact and conclusions of law. The Trial Court shall have the power to issue all remedies in law and in equity including injunctive and declaratory relief and all writs including attachment and mandamus.
WISCONSIN STATUTES, CONSUMER CREDIT TRANSACTIONS
§ 425.103 ACCRUAL OF CAUSE OF ACTION; “DEFAULT” (1995-1996).(1) Notwithstanding any term or agreement to the contrary, no cause of action with respect to the obligation of a customer in a consumer credit transaction shall accrue in favor of a creditor except by reason of a default, as defined in sub. (2).
(2) “Default,” with respect to a consumer credit transaction, means without justification under any law:
(a) With respect to a transaction other than one pursuant to an open-end plan; if the interval between schedule payments is 2 months or less, to have outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after the scheduled or deferred due dates, or the failure to pay the first payment or the last payment, within 40 days of its scheduled or deferred due date.... For purposes of this paragraph the amount outstanding shall not include any delinquency or deferral charges and shall be computed by applying each payment first to the installment most delinquent and then to subsequent installments in the order they come due.
WISCONSIN STATUTES, CONSUMER CREDIT TRANSACTIONS
§ 425.104 NOTICE OF CUSTOMER’S RIGHT TO CURE DEFAULT (1995—1996).(1) A merchant who believes that a customer is in default may give the customer written notice of the alleged default and, if applicable, of the customer’s right to cure any such default (s. 425.105).
(2) Any notice given under this section shall contain the name, address and telephone number of the creditor, a brief identification of the consumer credit transaction, a statement of the nature of the alleged default and a clear statement of the total payment, including an itemization of any delinquency charges, or other performance necessary to cure the alleged default, the exact date by which the amount must be paid or performance tendered and the name, address and telephone number of the person to whom any payment must be made, if other than the creditor.
WISCONSIN STATUTES, CONSUMER CREDIT TRANSACTIONS
§ 425.105 CURE OF DEFAULT (1995-1996).(1) A merchant may not accelerate the maturity of a consumer credit transaction, commence any action except as provided in s. 425.205(6), or demand or take possession of collateral or goods subject to a consumer lease other than by accepting a voluntary surrender thereof (s.425.204), unless the merchant believes the customer to be in default (s.425.103), and then only upon the expiration of 15 days after a notice is given pursuant to s. 425.104 if the customer has the right to cure under this section.
*243 FINDINGS OF FACT
1. Ms. Caroline Wiese, the defendant, is a member of the Ho-Chunk Nation.
2. On or about March 13, 1997, the parties entered into an agreement for a loan worth as signed in Consumer Note. (See, Plaintiffs Exhibit D)
3. On or about August 14, 1997, the plaintiff sent the defendant a letter indicating the Credit Union received $200.00, but the defendant owed a delinquent payment of $201.80. (See, Plaintiffs Exhibit A)
4. On or about December 15, 1997, the plaintiff sent the defendants another letter reminding the defendant of their loan obligation and a delinquent bill $550.00 with a Right to Cure Default form enclosed showing the total payment due was $555.24. (See, Plaintiffs Exhibit B and C)
5. At August 24, 1998 Hearing, the defendant’s outstanding debt is $3,295.84, including the collection service debt.
6. As of the August 24, 1998 Hearing, Ms. Wiese did not answer the Complaint and Summons nor did she appear.
7. As of September 4, 1998, the plaintiff indicated disbursement, pre- and post-filing interest fees to amount to $357.55, plus advocate fees of $200.00.
DECISION
In light of the uncontested facts and pursuant to the applicable law cited above, this Court finds that defendant Caroline Wiese has been provided with ample opportunity to address the financial obligations to plaintiff Hoeak Federal Credit Union. Ms. Wiese was served with notice on two separate occasions, both of which supplied her with the applicable law and relevant information required to resolve the delinquency. Therefore, the Trial Court finds in favor of plaintiff on this matter and enters Judgment against defendant. It remains uncontested that Caroline Wiese owes $3,295.84 to the Hocak Federal Credit Union as she has not complied with the reasonable payment schedule voluntarily entered into at the beginning of the credit transaction.
This Court finds that Caroline Wiese is liable to Hocak Federal Credit Union for an amount of $3,295.84. The full amount under the promissory note shall be payable to: Hoeak Federal Credit Union, P.O. Box 429, Black River Falls, Wisconsin 54615. Furthermore, this Court grants the plaintiffs request for a collection fee of disbursement, pre- and post-filing interest fees to amount to $357.55 and advocate fee of $200.00. Therefore, Ms. Caroline Wiese shall pay an additional $557.55 to the plaintiffs.
All parties have the right to appeal a final judgement or order of the Trial Court. If either party is dissatisfied with the decision rendered by this Court, they may file a Notice of Appeal with the Ho-Chunk Supreme Court within thirty (30) calendar days from the date such final judgement or order is rendered.